IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                    _____

                           No. 01-11018
                        Conference Calendar

                    _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

FLORENTINO NUNEZ JIMENEZ,
also known as Javier Padilla Avila,

                                              Defendant-Appellant.

                    --------------------
              Appeal from the United States District Court
                   for the Northern District of Texas
                       USDC No. 4:95-CR-102-4-Y
                    --------------------
                          June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Florentino Nunez Jimenez ("Nunez") appeals the sentencing

following his guilty plea for distribution of pure

methamphetamine.  Nunez argues that the district court erred in

assessing a two point sentencing enhancement for possession of a

firearm during the commission of the convicted offense.  Nunez

also argues that the district court erred in refusing to award

him credit for the time that he served in state confinement.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court's decision to enhance Nunez' offense level for possession of a firearm under § 2D1.1(b)(1) is a factual determination that this court reviews for clear error. United States v. Broussard, 80 F.3d 1025, 1041 (5th Cir. 1996). The firearm adjustment was not clearly erroneous because the gun was found in Nunez' bedroom, where the drugs were also found, and because Nunez failed to establish that it was "clearly improbable" that the gun was connected with the offense. See United States v. Vasquez, 161 F.3d 909, 913 (5th Cir. 1998).

Nunez' argument regarding the district court's failure to credit him for the time that he served in state custody is foreclosed by United States v. Wilson, 503 U.S. 329, 331-32, 334 (1992).

For the foregoing reasons, Nunez' sentence is AFFIRMED.